b SCHOTT, J. Pro Tem.,
dissenting in part.
I respectfully submit that plaintiff did not prove entitlement to penalties and attorney’s fees. He testified that he saw a doctor in Baton Rouge after the accident but the record does not contain a report of this visit / treatment. After the occurrence of the accident on March 16, 1999, he was seen at Elmwood Industrial Medical Center, at defendant’s expense, on March 17 and 28. On the latter date, there is an entry under “Plan” to “recheck 4/22.” On April 9, plaintiff saw Dr. Davidson for the injuries he sustained in his automobile accident of April 7, and he continued to be treated for these injuries on April 21, May 3, and May 31, 1999. On June 28, he was seen by Drs. Goodrich and Stock in Tyler, Texas. After full testing and evaluation, Dr. Stock, on July 14,1999, reported that plaintiff had reached maximum medical improvement, there was no evidence of any long-term effects from the phenol exposure, and his headaches were not related to the exposure. These were plaintiffs own doctors.
Plaintiff testified that these doctors, Goodrich and Stock, said they were going to get his treatment approved by defendants and call him back, but he failed to mention the fact that these doctors found nothing wrong with him that was related to the phenol exposure. Plaintiff does two things after the report of July 14: first, on the next day, he goes back to Dr. Davidson for further treatment of his auto accident injuries; and, second, on July 27, he files his workers’ compensation claim.
At no point was there any demand for payment and there is no indication that defendants knew anything about plaintiffs problem except that he was |P,supposed to be rechecked by defendants’ medical provider on April 12 and he failed to show up. If they heard from Drs. Goodrich and Stock, they had good reason for not paying.
From the time plaintiff filed his claim in July 1999 until March 27, 2000, when he saw Dr. Mohnot, defendants had no medical data to support plaintiffs claim. By this time, a year had gone by since the accident. and plaintiff had been working fairly regularly throughout this period. He testified that his last job ended on March 15, 2000, and he started receiving unemployment compensation on March 27.
From these facts, I am unable to conclude that defendants’ refusal to pay plaintiffs claim was arbitrary and capricious. Plaintiff failed to establish that he ever made a proper demand for payment until he filed his suit, and, at that point, he had no medical support for his claim. By the time Dr. Mohnot saw plaintiff, defendants were in a reasonable dispute over his claim, which was not resolved until the case was tried and decided by the workers’ compensation judge. In short, defendants were entitled to have this case decided in court.
I agree entirely with the opinion of my colleagues, but I respectfully dissent only from the affirmation of the trial court’s award of penalties and attorney’s fees.